UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRISTEN LITTLE,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   NO. 3:23-cv-00969 |
| | ) |
| DICKSON COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Tristen Little, an inmate of the Dickson County Jail, has filed a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 7).

The case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may apply for permission to file suit without prepaying the required filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 7) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

---

[1] The Clerk's Office, when opening the file of this case in CM/ECF, understandably reproduced Plaintiff's name as spelled in the caption of the Complaint, where his first name is clearly printed as "Tristan." (See Doc. No. 1 at 1). However, elsewhere in the Complaint (including its signature block) and on the docket of this case, Plaintiff's first name is spelled "Tristen." The Clerk is therefore **DIRECTED** to change Plaintiff's first name to "Tristen" on the electronic docket.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the

Court reviews for whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

The Complaint's only claim (which Plaintiff repeats in a supplemental filing (Doc. No. 4)) is based on a single factual allegation: that, on August 17, 2023, Plaintiff attempted to access "law books 7 and 7a" on the jail kiosk, but those volumes were not available. (Doc. No. 1 at 5, 7; Doc. No. 4 at 1–2). When he grieved the matter, he simply claimed "[t]hat [he] needed" the books. (Doc. No. 1 at 7). In response, Plaintiff was told that "something would be done," that "the company" said the issue with the kiosk had been resolved, and that the books were there—but he continued

3

to be unable to access the books. (Id.; Doc. No. 4 at 1–2). Plaintiff's filings do not reveal anything about the contents of the books or the reason that Plaintiff needs to consult them. He alleges that he was "sentenced to 11/29 in Dickson County Jail," and that he has filed no previous lawsuits related to this issue or otherwise related to his confinement. (Doc. No. 1 at 4, 8–10).

The Complaint names Dickson County Sheriff's Department as the only Defendant and claims an unspecified violation of Plaintiff's constitutional rights. (Id. at 2–5). In the sections of the Complaint which prompted Plaintiff to identify the injury he complains of and the relief he seeks, he printed only "NA." (Id. at 5).

## C. Analysis

It is well established that sheriff's departments are not proper parties to civil rights suits under § 1983. Campbell v. Cheatham Cnty. Sheriff's Dep't, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 municipal liability claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), aff'd, 47 F.4th 468 (6th Cir. 2022); see Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that police department "is not an entity which may be sued" under § 1983). Even if the Complaint were liberally construed as seeking relief against Dickson County itself, "[t]o plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." Okolo v. Metro. Gov't of Nashville, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing Miller v. Sanilac County, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff does not allege that any Dickson County policy or custom caused him to be deprived of the law books. He has thus failed plausibly to claim relief against a proper defendant.

Nor does Plaintiff allege any facts to support his claim that being deprived of two law

4

books violated his constitutional rights. See Iqbal, 556 U.S. at 678 (requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable"). The Court liberally construes this claim as alleging a denial of Plaintiff's First Amendment right to access the courts. Prisoners do not forfeit this right of access by reason of their incarceration, Bounds v. Smith, 430 U.S. 817, 821–22 (1977), but the right they retain "extends to direct appeals, habeas corpus applications, and civil rights claims only." Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). To protect this "carefully-bounded" right, id., prison authorities are generally required to "provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law," Bounds, 430 U.S. at 828—though law libraries and legal assistants "are not ends in themselves, but only the means for ensuring" that prisoners can access the courts in proper cases. Lewis v. Casey, 518 U.S. 343, 351 (1996). In any event, to state a claim that his right to access the courts has been violated, Plaintiff must allege actual injury; that is, he must "show that the defendants have scuttled his pursuit of a 'nonfrivolous, arguable' claim," Sampson v. Garrett, 917 F.3d 880, 881 (6th Cir. 2019) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)), by describing both the nature of the interference and the nature of "the underlying cause of action . . . in the complaint[.]" Christopher, 536 U.S. at 415 (citing Lewis, 518 U.S. 343, 353 & n.3). The Sixth Circuit has described this need to plead the arguable nature of the underlying cause of action as a "unique" requirement that the plaintiff "plead a case within a case." Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011).

In this case, not only does the Complaint fail to describe the contents of law books 7 and 7a or identify an injury as such, it also fails to contain any allegation which the Court could favorably construe to indicate that Plaintiff had an underlying claim that was compromised by his inability to consult those books. In fact, the Complaint affirmatively indicates that Plaintiff has not

5

filed other lawsuits related to the conditions of his imprisonment. (Doc. No. 1 at 9–10). Accordingly, Plaintiff's access-to-courts claim could not proceed even if the Complaint named a proper defendant and made a request for relief. In these circumstances, the Complaint must be dismissed, and the Court discerns no reason to grant leave to amend prior to dismissal. Cf. Barnes v. Hardin Cnty. Jail, No. 19-1145-JDT-CGC, 2019 WL 5596439, at *3 (W.D. Tenn. Oct. 30, 2019) (dismissing complaint after finding that plaintiff's "right to access the courts does not mean he has a right to particular law books," but granting leave to amend based on allegation that "the law book relates to 'a case I have pending'"); cf. also Houbbadi v. Montgomery Cnty., TN Sheriff's Off., No. 22-5690, 2023 WL 5163996, at *1 (6th Cir. May 1, 2023) (affirming this Court's dismissal of access-to-courts claim after plaintiff was initially allowed to amend based on "allegations that filings in other cases were jeopardized"); Brown, 415 F. App'x at 616 (finding it "uniquely appropriate" to remand for purposes of allowing leave to amend where complaint did not provide sufficient detail about underlying claims but plausibly alleged that prison officials' "interference caused [plaintiff] to miss a mandatory court filing deadline" in a prior state appeal).

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:23-cv-00969    Document 8    Filed 04/29/24    Page 6 of 6 PageID #: 48